

IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————————X
UNITED STATES OF AMERICA,
        Appellee,

v.

RICHARD HARLEY,
        Appellant.
———————————————X

No. 16-1285

MOTION FOR ORDER OF SANCTIONS IMPOSITION UPON THE APPELLEE FOR FAILURES TO OBSERVE THE FEDERAL RULES OF APPELLATE PROCEDURE, RULES 31 and 32

COMES NOW the Appellant Richard Harley, having submitted the motion to appellate counsel O'Brien for adoption, moving the appeal Court for an Order of Sanctions Imposition Upon Appellee United States for its failures to observe the Federal Rules of Appellate Procedure Rules 31 and 32 as relates to Appellee's recent submission of Reply Brief on this appeal.

### Relief Sought

Appellant seeks the appeal Court's Order imposing the following sanctions upon Appellee:

1) The Appellee's Reply's Brief is stricken from the record and shall not be considered by the appeal Court upon its deliberations of the merit of Appellant's appeal grounds;

2) The Appellant's appeal issues shall be adjudicated by the appeal Court upon Appellant's brief only and the content of Appellee's Reply Brief shall not bear upon that adjudication;

3) The Appellee shall not participate in any oral argument which may schedule by the appeal Court; and

4) the Appellee shall not submit any additional document nor address any appeal issue orally in open court.

### Grounds for Relief

Pursuant to the appeal Court's Briefing and Scheduling Order of August 25, 2016 (Doc. 003112391883) the appeal Court notified parties that, "It is noted that, where applicable, parties must comply with 3rd Cir. LAR 31.2 which provides: A local, state or federal entity or agency, which was served in the district court which is the appellee, must file a brief in all cases in which a briefing schedule is issued unless the court has granted a motion seeking permission to be excused from filing a brief."

Specifically the appeal Court, "ORDERED that the brief for Appellee shall be filed and served within twenty-one (21) days of service of Appellant's brief."

And finally as relates to the Briefing and Scheduling Order the appeal Court, "FURTHER ORDERED that if Appellee fails to file a brief within the time directed, the matter will be listed on Appellant's brief only and Appellee may be subject to such sanctions as the Court dems appropriate."

Notwithstanding the foregoing accounted clauses of the Briefing and Scheduling Order Appellee yet failed to file its brief within twenty one (21) days of service of Appellant's brief. The appeal Court directed that brief for Appellant "be filed and served on or before 09/26/2016." Therefore Appellee's brief was required to be filed and served by October 17, 2016. Appellee's brief was not filed and served by October 17, 2016.

Appellee's failure to timely file its brief should now require that, "the matter will be listed on Appellant's brief only" and also that "Appellee [ ] be subject to such sanctions as the Court deems appropriate". Specifically, Appellant avers that the four (4) enumerated sanctions sought, listed above, at least should impose upon Appellee.

"In circumstance where party fails to file brief before court of appeals, unless application for extended time is made so that it may be considered before allotted time has expired, it is evidence of lack of good faith and failing extraordinary circumstances, it constitutes neglect which will not be excused." Escobar-Ramos v. INS, 927 F.2d 482 (9th Cir. 1991).

"Appellee's violation of briefing schedules and filing responsibilities is serious breach and Court of Appeals will strictly apply denial of argument provisions of Rule 31(c) and similar circuit rule" Instituto Nacional de Comercializacion Agricola v. Continental Illinois Nat'l Bank & Trust Co., 858 F.2d 1264 (7th Cir. 1988).

"Courts should decide appeal on appellant's brief alone when appellee fails to file brief." Schmidt v. Gray, 2010 US App. 22388 (5th Cir. 2010).

Appellee's failure to timely file its brief is a failure to observe FRAP 31 and is amenable to all sanctions for which the law provides in remedy.

Yet untimely filing of brief is not Appellee's only failure to observe FRAP.

Pursuant to FRAP 32(d) parties to this proceeding are required to comply that, "Every brief, motion, or other paper filed with the court must be signed by the party filing the paper or, if the party is represented, by one of the party's attorneys."

Appellee, side from failing to file its brief by October 17, 2016 as required by the appeal Court's Briefing and Scheduling Order of August 8, 2016, Appellee also omitted providing the signature mandated by FRAP 32(d). The verifying of the author of this late rely brief is especially of want in this case where

the original AUSA 1) is one of the officers of the court who has been closely associated to the raccist, sexist, offensive meme fueled emailing incidences publicly known to have taken place in the Middle District of Pennsylvania so-called "Porngate Scnadal"; and 2) has had his appearance in this case replaced (Appellee does not inform Appellant nor the appeal Court on this case record whether replacement occurs due to affect of the ongoing investigation of Middle District of Pennsylvania court officers) and the replacement has asserted positions which tend to deflect assignments of errors which should implicate original AUSA for prosecutorial misconduct. A 32(d) signature is important to realize who exactly is standing by the Appellee story, for were Appellant to assert by particular posits that call into question what the lead AUSA personally knew or should have known, Appellant and the appeal Court should be able to verify whether that the Reply Brief's story is Appellee's story and its sticking to it. The replacement AUSA must own these reply positions and be identified by 32(d) signature. The 31 and 32 incomplainces compile for a gross potential for prejudice to Appellant's own reply and or supplemental responsiveness under these circumstances.

    FRAP 31(c), at pertinent part, provides that, "An appellee who fails to file a brief will not be heard at oral argument unless the court grants permission." In the ever-expanding prejudicial landscape of this case the appeal Court is beseeched to impose appropriate sanctions and not to employ any undue discretion to grant Appellee permissions that are undeserved and serve to prejudice Appellant.

    **WHEREFORE** Appellant Richard Harley does respectfully move for the appeal Court's Order of sanctions imposed upon Appellee, including that the matter will be listed on Appellant's brief only, further sanctioning as specified in the enumerated list of four (4) above, and further sanctioning as the Court deems appropriate. For the rest we pray.

Dated: Fort Dix, New Jersey
       November 11, 2016

Respectfully submitted,
/s/ Richard Harley
_____
Appellant